IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MITCHELL INTERNATIONAL, INC.<br><br>Plaintiff,<br>v.<br><br>HEALTHLIFT PHARMACY SERVICES, LLC et al.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM MOTION FOR PROTECTIVE ORDER TO MAINTAIN "ATTORNEYS' EYES ONLY" DESIGNATION OF CERTAIN INTERROGATORY RESPONSES (DOC. NO. 68)**<br><br>Case No. 2:19-cv-000637-RJS-DAO<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the Court is Plaintiff Mitchell International, LLC's ("Mitchell") Short Form Motion for Protective Order to Maintain "Attorneys' Eyes Only" Designation of Certain Interrogatory Responses (Pl.'s Mot. for Protective Order ("Mitchell Mot."), Doc. No. 68). Having considered the briefing and arguments of counsel at the May 19, 2020 hearing, the Court DENIES Mitchell's Motion for the reasons set forth below.

In this action, Mitchell has asserted a claim of misappropriation of trade secrets against HealthLift Pharmacy Services, LLC, and three former employees of Mitchell now employed by HealthLift (collectively, the "HealthLift Defendants"). (Compl., ¶¶ 153-159, Doc. No. 2.) The HealthLift Defendants served interrogatories asking Mitchell to identify and describe the trade secrets that were allegedly misappropriated and to provide related information supporting that claim. Mitchell designated its responses to those interrogatories as "attorneys' eyes only" and

1

now seeks an order maintaining that designation on the basis that the responses contain trade secrets. (Mitchell Mot., Doc. No. 68.) The HealthLift Defendants oppose the attorneys'-eyes-only designation, arguing that the responses do not contain trade secrets and that the parties themselves need access to the responses in order to defend against the misappropriation claim. (Defs.' Opp'n to Mitchell Mot., Doc. No. 74.)

Mitchell has the burden of demonstrating good cause to designate the interrogatory responses as "attorneys' eyes only." *See* Fed. R. Civ. P. 26(c)(1); *see also Martinez v. City of Ogden*, No. 1:08-CV-87, 2009 U.S. Dist. LEXIS 12270, at *5 (D. Utah Feb. 18, 2009) (unpublished) ("The party seeking a protective order has the burden to demonstrate good cause." (internal quotation marks omitted)). "Attorney's-eyes-only protection is usually employed to protect against business harm that would result from disclosure of sensitive documents to a competitor." *Martinez*, 2009 U.S. Dist. LEXIS 12270, at *7. "Where trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims." *Nutratech, Inc. v. Syntech Int'l*, 242 F.R.D. 552, 555 (C.D. Cal. 2007) (citing *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). The party resisting disclosure "must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful." *Centurion Indus. v. Steurer*, 665 F.2d 323, 325 (10th Cir. 1981).

Mitchell correctly notes that courts routinely allow documents containing trade secrets to be designated as "attorneys' eyes only" in litigation between competitors. *See Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1202-03 (10th Cir. 2014) ("The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving

trade secrets." (internal quotation marks omitted)); *Netquote, Inc. v. Byrd*, No. 07-CV-630, 2007 U.S. Dist. LEXIS 62292, at *4 (D. Colo. 2007) (unpublished) ("With regard to an attorney's-eyes-only provision, confidential information that may be used against the company by a direct competitor in the lawsuit is generally afforded more protection."); Fed. R. Civ. P. 26(c)(1)(G) (providing for protective orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

However, Mitchell has not met its burden of establishing that the interrogatory responses at issue contain trade secrets warranting attorneys'-eyes-only designation. While the responses identify broad categories of data and processes that Mitchell claims were misappropriated, they do not provide any actual, underlying data or a detailed description of the processes. (*See* Mitchell Mot. Ex. A., Doc. No. 70-1.) For example, the responses state that Mitchell uses algorithms to make certain determinations and identifies the algorithms as a trade secrets, but the algorithms themselves are neither included nor described in detail. (*Id.* at 8.) The responses also identify documents and electronic files purportedly containing trade secrets, but do not provide the contents of those documents or files. (*Id.* at 12, 18.)

Put differently, the Court is simply not persuaded that the broad descriptions in Mitchell's interrogatory responses are analogous to the types of trade secret information that warranted attorneys'-eyes-only designation in the cases relied upon by Mitchell. *See, e.g.*, *Brown Bag Software*, 960 F.2d at 1470-71 (restricting access to "source codes, development plans, and beta tester information" to outside counsel only); *Nutratech*, 242 F.R.D. at 556 (allowing attorneys'-eyes-only designation for customer and supplier lists); *Safe Flight Instrument Corp. v. Sundstrand Data Control Inc.*, 682 F. Supp. 20, 21-22 (D. Del. 1988) (allowing attorneys'-eyes-

only designation for confidential scientific documents regarding wind shear technology); *Gaymar Indus. v. Cloud Nine*, No. 1:06-CV-62, 2007 U.S. Dist. LEXIS 12086, at *11 (D. Utah Feb. 20, 2007) (unpublished) (allowing attorneys'-eyes-only designation for "technical, customer, and financial data," including manufacturing designs and third-party sales). Unlike the documents in those cases, Mitchell's interrogatory responses contain nothing akin to technical or financial data, algorithms, or software codes. Instead, the responses merely identify broad categories of information and processes that Mitchell considers to be trade secrets. Although the underlying processes and information referred to may well constitute trade secrets (an issue the Court need not decide in this Order), the Court is not persuaded the interrogatory responses themselves constitute trade secrets warranting an attorneys'-eyes-only designation.

The Court also rejects Mitchell's argument that its interrogatory responses constitute trade secrets because its principal verified under penalty of perjury that they are trade secrets. The principal's own belief on that point is not determinative, and it is within the court's discretion to determine whether an attorneys'-eyes-only designation is warranted. *See Centurion Indus.*, 665 F.2d at 326; Fed. R. Civ. P. 26(c)(1).

Moreover, Mitchell has failed to demonstrate that a business harm would result from disclosure of the interrogatory responses to the HealthLift Defendants. Mitchell claims the HealthLift Defendants have already learned about and misappropriated the trade secrets at issue, and Mitchell has not explained how allowing the HealthLift Defendants to review the interrogatory responses identifying the allegedly misappropriated trade secrets would cause further harm. *See Core Labs. LP v. AmSpec*, No. 16-0526, 2017 U.S. Dist. LEXIS 132317, at * 8 (S.D. Ala. Aug. 18, 2017) (unpublished) (rejecting request for attorneys'-eyes-only designation where "Plaintiffs essentially accuse Defendants of having taken the information but do not want

4

Defendants to be able to see the information Plaintiffs claim Defendants stole."). At the hearing on this motion, Mitchell argued the business harm was implicit. But as noted above, the interrogatory responses merely describe the categories of information and processes Mitchell claims were misappropriated, without providing the underlying data or documents. Mitchell has not identified a business harm that would result from the disclosure of such generalized information to the HealthLift Defendants, particularly given its own allegations that the HealthLift Defendants previously acquired and misused that information. *See Nutratech*, 242 F.R.D. at 554 ("[T]he moving party must make a clear showing of a particular and specific need for the order."). Under the standard protective order, Mitchell's responses would be confidential. Mitchell never even argued that it had any legitimate basis for concern that the HealthLift Defendants might disobey these standard protections such at an attorneys'-eyes-only designation would be necessary.

On the other hand, restricting the HealthLift Defendants' access to the interrogatory responses would significantly impair their ability to defend against the misappropriation claim. In a misappropriation case, "it is difficult, if not impossible, for the defendant to mount a defense until it has some indication of the trade secrets allegedly misappropriated." *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 681 (N.D. Ga. 2007). The HealthLift Defendants must know broadly what trade secrets are at issue in order to address whether they had access to that information while employed at Mitchell, whether that information was treated as confidential, and whether their knowledge of that information came from Mitchell or some other source. Those issues can be addressed only by the parties themselves, not by retained experts, as Mitchell contends. *Cf. Nutratech*, 242 F.R.D. at 555-56 (allowing attorneys'-eyes-only designation where party failed to provide specific reasons why it needed access to customer and

supplier lists); *Gaymar Indus.*, 2007 U.S. Dist. LEXIS 12086, at * 11-12 (concluding that where party requested access to trade secrets solely due to party's expertise in the field, retained experts could provide that assistance). Because Mitchell's interrogatory responses merely identify which trade secrets are at issue in their misappropriation claim, maintaining the attorneys'-eyes-only designation for the interrogatory responses would prevent the HealthLift Defendants from defending against the misappropriation claim. *See Martinez*, 2009 U.S. Dist. LEXIS 12270, at *8 ("Defendants' request to keep information from Plaintiff implicates Plaintiff's due process rights to have a full and fair opportunity to litigate.").

For all these reasons, Mitchell's Motion to maintain the attorneys'-eyes-only designation for its interrogatory responses is DENIED. The harm to the HealthLift Defendants from an attorneys'-eyes-only designation of these interrogatory responses outweighs any potential business harm to Mitchell in disclosing the responses to the HealthLift Defendants. Under the standard protective order, the interrogatory responses at issue will be considered confidential information, which will prevent their disclosure to the public and limit the HealthLift Defendants' use of the information to this litigation. This is sufficient, where Mitchell has failed to meet its burden to demonstrate that the responses warrant the more restrictive attorneys'-eyes-only designation. Accordingly, the Court ORDERS Mitchell to redesignate its interrogatory responses to remove the attorneys'-eyes-only designation within ten (10) days of this Order.

DATED this 26th day of May, 2020.

BY THE COURT:

*Daphne A. Oberg*
Magistrate Judge Daphne A. Oberg
U.S. District Court
