FILED
2020 SEP 22 PM 2:12
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MITCHELL INTERNATIONAL, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> HEALTHLIFT PHARMACY SERVICES, LLC, BRIAN ANDERSON, NATALIE NEIL, and JOSEPH NOLL, <br><br> Defendants/Counterclaim Plaintiffs. | **ORDER OVERRULING MITCHELL INTERNATIONAL'S OBJECTION** <br><br> Case No. 2:19-cv-000637-RJS-DAO <br><br> Chief Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Mitchell International, Inc. filed a Short Form Motion for Protective Order to Maintain "Attorneys' Eyes Only" Designation of Certain Interrogatory Responses[1] (Motion for Protective Order), which Magistrate Judge Oberg denied in a Memorandum Decision and Order Denying Plaintiff's Motion for Protective Order[2] (Order). Mitchell objects to the Order and asks the court to reverse Judge Oberg's ruling.[3] For the reasons explained below, the court OVERRULES Mitchell's Objection and AFFIRMS the Order.[4]

## BACKGROUND

Mitchell commenced this action against Defendants in September 2019, alleging as one of its seven claims that Defendants misappropriated its trade secrets.[5] Defendants later served

---

[1] Dkt. 68.

[2] *See* Dkt. 86 (Order).

[3] *See* Dkt. 89 (Objection).

[4] Pursuant to the District of Utah's Local Rules, the court overrules Mitchell's Objection without ordering a response from Defendants. *See* DUCivR 72-3(b) ("The district judge may deny the objection by written order at any time, but may not grant it without first giving the opposing party an opportunity to brief the matter.").

[5] Dkt. 2 (Complaint) ¶¶ 153–159.

1

interrogatories on Mitchell asking it to identify and describe the allegedly misappropriated trade secrets.[6] Mitchell responded to those interrogatories but designated its responses as "attorneys' eyes only" (AEO).[7] Shortly thereafter, Mitchell filed its Motion for Protective Order, asking the court to uphold its AEO designation.[8]

Judge Oberg denied Mitchell's Motion for Protective Order for two reasons.[9] First, she found Mitchell had not met its burden of establishing that the interrogatory responses contained trade secrets.[10] In so doing, she noted she was not addressing the issue of whether "the underlying processes and information referred to [in the responses] . . . constitute trade secrets."[11] Second, she found Mitchell had not demonstrated that it would be harmed by having to disclose the interrogatory responses to Defendants without the AEO designation.[12] This was particularly so due to the lack of argument from Mitchell that Defendants might disobey the current protective order, which designates Mitchell's responses as confidential.[13] Conversely, she found Defendants' ability to defend themselves in this case would be "significantly impair[ed]" if they could not view the responses due to the AEO designation.[14]

---

[6] Dkt. 86 (Order) at 1.

[7] *Id.* at 1–2.

[8] *See* Dkt. 68.

[9] Dkt. 86 (Order) at 3–6.

[10] *Id.* at 3–4.

[11] *Id.* at 4.

[12] *Id.* at 4–5.

[13] *Id.* at 5.

[14] *Id.*

Mitchell timely filed its Objection to Judge Oberg's Order. In short, Mitchell argues Judge Oberg exceeded her authority by ruling on a dispositive issue, and that the Order is substantively incorrect.[15]

## STANDARDS OF REVIEW[16]

"When reviewing an objection to a magistrate judge's non-dispositive ruling, the [c]ourt must adopt the ruling unless it finds that the ruling is 'clearly erroneous or contrary to law.'"[17] Under the clearly erroneous standard, a magistrate judge's factual findings are reversed only if, after reviewing the evidence, "the court is left with the definite and firm conviction that a mistake has been committed."[18] Under the contrary to law standard, the court "conduct[s] a plenary review of the magistrate's purely legal determinations," and "set[s] aside an order if the wrong legal standard was applied"[19] or if the "appropriate legal standard [was applied] incorrectly."[20] In practice, these standards require the court to first determine whether the magistrate judge applied the correct legal standard and, assuming she did, then to determine whether the magistrate judge abused her discretion regarding the factual findings.[21]

---

[15] *See* Dkt. 89 (Objection) at 4.

[16] If Judge Oberg had exceeded her authority, this court would review the Order *de novo*. *See Uintah Cty., Utah v. Jewell*, Case No. 2:10-cv-00970-DB-BCW, 2016 WL 4256945, at *2–3 (D. Utah Aug. 11, 2016). The court applies the standard addressed in this section because, as explained in this order, Judge Oberg did not exceed her authority. Further, Mitchell never argues the court should review the Order *de novo*. *See* Dkt. 89 (Objection).

[17] *Pertile v. Gen. Motors, LLC*, Case No. 15-cv-0518-WJM-NYW, 2016 WL 8540311, at *1 (D. Colo. Aug. 23, 2016) (quoting Fed. R. Civ. P. 72(a)).

[18] *Combe v. Cinemark USA, Inc.*, Case No. 1:08-cv-142 TS, 2009 WL 3584883, at *1 (D. Utah Oct. 26, 2009) (brackets and citations omitted); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) ("The clearly erroneous standard . . . requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.") (quotation marks and citation omitted).

[19] *Combe*, 2009 WL 3584883, at *1 (citations omitted).

[20] *Pertile*, 2016 WL 8540311, at *1 (citation omitted).

[21] *See id.* ("In short, because a magistrate judge is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate judge's determination only if his discretion is abused.") (brackets, quotation marks, and citation omitted).

**ANALYSIS**

Under the framework outlined above, and for the reasons explained below, the court concludes Judge Oberg (1) applied the correct legal standard in the Order and (2) did not abuse her discretion.

**I.   The Order is Not Contrary to Law**

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. Under the Rule, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[22] It also permits the court to require "that a trade secret . . . not be revealed or be revealed only in a specified way."[23] The party seeking a protective order has the burden of showing "good cause" exists.[24] Although "[t]he good cause standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arrive,"[25] the Tenth Circuit has outlined specific standards that apply when a party seeks a protective order for trade secrets.[26]

"There is no absolute privilege for trade secrets and similar confidential information."[27] For a party to resist discovery of a trade secret, it "must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful."[28] If that party meets these two requirements, "the burden shifts to the party seeking discovery to establish that the

---

[22] Fed. R. Civ. P. 26(c)(1).

[23] *Id.* 26(c)(1)(G).

[24] *See Martinez v. City of Ogden*, Case No. 1:08CV00087TCDN, 2009 WL 424785, at *2 (D. Utah Feb. 18, 2009) ("Generally, the party seeking protection must show good cause for each document. The party seeking a protective order has the burden to demonstrate good cause.") (quotation marks and citations omitted).

[25] *Siegel v Blue Giant Equip. Corp.*, 793 F. App'x 737, 744 (10th Cir. 2019) (unpublished) (quotation marks and citation omitted).

[26] *See Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325–26 (10th Cir. 1981).

[27] *Id.* at 325 (brackets and citation omitted).

[28] *Id.* (footnote and citation omitted).

disclosure of trade secrets is relevant and necessary to the action."[29] The court must also "balance the need for the trade secrets against the claim of injury resulting from disclosure."[30] If the party seeking discovery meets its burden, "the trade secrets should be disclosed, unless they are privileged or the [discovery requests] are unreasonable, oppressive, annoying, or embarrassing."[31]

Similar to the party's burden in resisting discovery of trade secrets, an AEO designation "is usually employed to protect against business harm that would result from disclosure of sensitive documents to a competitor."[32] In determining whether there is harm, the court is cognizant that such AEO designations are "a routine feature of civil litigation involving trade secrets."[33]

Judge Oberg correctly applied the above legal standards in her Order, including by specific reference. The Order is not contrary to law.

## II. The Order is Not Clearly Erroneous

Mitchell argues Judge Oberg's ruling is clearly erroneous because two of her conclusions—the interrogatory responses do not constitute trade secrets and Defendants' ability to defend themselves would be impaired by the AEO designation—are substantively flawed.[34] The court disagrees.

---

[29] *Id.* (citations omitted).

[30] *Id.* (citation omitted).

[31] *Id.* at 326. (citation omitted).

[32] *Martinez*, 2009 WL 424785, at *2.

[33] *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1202 (10th Cir. 2014) (citation omitted).

[34] Dkt. 89 (Objection) at 6–12.

Mitchell sought a protective order permitting it to maintain an AEO designation on its interrogatory responses.[35] In so doing, Mitchell had the burden of demonstrating (1) the interrogatory responses are trade secrets and (2) that their disclosure might harm Mitchell.[36] Judge Oberg concluded Mitchell did not meet its burden to show either element.[37] A failure to show either was a sufficient basis to deny Mitchell's Motion for Protective Order.[38] And Judge Oberg supported her conclusions with thorough reasoning, addressing the parties' arguments and cited authorities, and weighing the parties' interests.[39] Having carefully reviewed the Motion for Protective Order, Mitchell's interrogatory responses, and the Order, the court finds no error with Judge Oberg's reasoning or conclusions.

### III. Judge Oberg Did Not Exceed Her Authority

Mitchell also argues Judge Oberg exceeded her authority when she concluded that the interrogatory responses did not constitute protectible trade secrets. Mitchell maintains this is so because the question whether those responses are trade secrets is a dispositive issue in this case.[40] Although Judge Oberg is limited to determining nondispositive pretrial matters under 28 U.S.C. § 636(b)(1)(A), she did not exceed that authority for three reasons.

---

[35] *See* Dkt. 68.

[36] *See Centurion*, 665 F.2d at 325–326.

[37] Dkt. 86 (Order) at 3–5.

[38] Mitchell appears to argue that Judge Oberg applied the wrong legal standard when she concluded Mitchell's interrogatory responses are not trade secrets. Dkt. 89 (Objection) at 6–7. But Judge Oberg considered the standards and caselaw Mitchell cited in its Motion for Protective Order to support its arguments. *See* Dkt. 86 (Order) at 2–4. Accordingly, Mitchell cannot now complain that Judge Oberg applied a standard Mitchell explicitly advocated for. In other words, if Mitchell believed a different standard applied, it should have addressed that standard in its Motion for Protective Order. Additionally, Mitchell has a two-part burden, and Judge Oberg found Mitchell did not meet its burden under either part. *Id.* at 3–5. Thus, even if Judge Oberg's conclusion under the first part was contrary to law, the court would nevertheless affirm the Order because Judge Oberg's conclusion under the second part is neither contrary to law nor clearly erroneous.

[39] Dkt. 86 (Order) at 3–5.

[40] Dkt. 89 (Objection) 4–6.

First, "[d]iscovery is a nondispositive matter."[41] As Mitchell acknowledges, its "discovery motion was just that—a discovery motion based on the rules of discovery."[42] The standards governing the discovery issue presented are outlined above and were outlined in the Order.[43] The court is not convinced a discovery dispute becomes a dispositive matter simply because the governing standard includes a preliminary determination concerning whether information set forth in a discovery response qualifies as a trade secret. Indeed, neither party can reasonably interpret the Order as definitively resolving one of the central issues in this case: whether the information Defendants allegedly misappropriated from Mitchell constitutes trade secrets.[44] Rather, the issue is whether Mitchell's interrogatory responses themselves meet the definition of a trade secret.

Second, Judge Oberg in fact distinguished between the trade secrets Defendants allegedly misappropriated and Mitchell's interrogatory responses. The Order explicitly states the interrogatory responses themselves do not constitute trade secrets but does not address whether "the underlying processes and information" referred to in the responses constitute trade secrets.[45] Whether Defendants misappropriated the interrogatory responses is not at issue in this case. Accordingly, the Order offers no opinion on a dispositive issue.

---

[41] *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) (citations omitted).

[42] Dkt. 89 (Objection) at 5.

[43] *See* Dkt. 86 (Order) at 2–3.

[44] *See Utah Republican Party v. Herbert*, Case No. 2:14-cv-00876-DN-DBP, 2015 WL 13036889, *2 (D. Utah June 10, 2015) (explaining that a dispositive ruling generally involves the disposition of a claim); *see also Uintah Cty.*, 2016 WL 4256945, at *2–3 (explaining that the effect of a ruling generally determines whether it is dispositive or nondispositive).

[45] Dkt. 86 (Order) at 4 ("Although the underlying processes and information referred to may well constitute trade secrets (an issue the Court need not decide in this Order), the Court is not persuaded the interrogatory responses themselves constitute trade secrets warranting an attorneys'-eyes-only designation.").

Third, Mitchell relies on *StorageCraft Technology Corp. v Symantec Corp.*[46] to argue Judge Oberg exceeded her authority.[47] In *StorageCraft*, the court sustained a plaintiff's objection to a magistrate judge's discovery order.[48] Although Mitchell correctly recognizes the *StorageCraft* court sustained that objection because "the magistrate judge made a ruling on the merits of [the plaintiff's] claim in denying discovery,"[49] Mitchell does not address this statement in context.[50] *StorageCraft* does not support Mitchell's argument.

In *StorageCraft*, the plaintiff brought a misappropriation of trade secrets claim against the defendant.[51] When the plaintiff sought discovery to support its claim, the defendant filed for a protective order on the grounds that the plaintiff had not identified the alleged trade secret with particularity.[52] The magistrate judge agreed with the defendant and ordered the plaintiff to "narrow and define with more specificity the claimed trade secret and denied [the plaintiff] discovery . . . until [the plaintiff] adequately identifies the trade secret with reasonable particularity."[53] The plaintiff objected to the magistrate judge's ruling.[54]

The *StorageCraft* court sustained the plaintiff's objection under the same legal standards this court applies to Mitchell's Objection—that is, the "clearly erroneous or contrary to the law standard."[55] Applying the contrary to law standard, the *StorageCraft* court concluded the

---

[46] Case No. 2:07-CV-856 CW, 2009 WL 112434 (D. Utah Jan. 16, 2009).

[47] *See* Dkt. 89 (Objection) at 5–6.

[48] 2009 WL 112434, at *1–2.

[49] *Id.* at 2.

[50] *See* Dkt. 89 (Objection) at 5–6.

[51] 2009 WL 112434, at *1.

[52] *Id.*

[53] *Id.* (quotation marks and citation omitted).

[54] *Id.*

[55] *Id.* at 1–2.

magistrate judge's order "correctly stated the correct legal standard."[56] Nevertheless, that court reversed the order under the clearly erroneous standard for two reasons.[57] First, the court explained it could see "no way in which [the plaintiff] could be more particular in its identification of its claimed trade secrets."[58] Second, it noted "[t]he procedures for challenging the merits of a trade secret claim prior to trial are set out in Rules 12 and 56 of the Federal Rules of Civil Procedure and are not properly challenged under discovery rules," as the defendant had done.[59] Accordingly, the magistrate judge's ruling was "a ruling on the merits of [the plaintiff's] claim in denying discovery."[60]

The instant matter is distinguishable from *StorageCraft*. To begin, this matter involves the question of whether Mitchell is entitled to designate its interrogatory responses AEO, not whether Mitchell has identified its trade secrets with sufficient particularity. Thus, unlike the *StorageCraft* defendant, Defendants here are not challenging the sufficiency of Mitchell's claim. Instead, they are trying to review Mitchell's interrogatory responses without an AEO designation, which implicates due process concerns.[61]

Further, unlike the magistrate judge's order in *StorageCraft*, Judge Oberg's ruling does not have the practical effect of a dispositive ruling because it does not preclude either party from seeking discovery on a claim or defense. Instead, the Order simply requires Mitchell to remove its AEO designation from the interrogatory responses.[62] Once Mitchell has done so, its

---

[56] *Id.* at 2.

[57] *See id.*

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *See Martinez*, 2009 WL 424785, at *3 ("Defendants' request to keep information from Plaintiff implicates Plaintiff's due process rights to have a full and fair opportunity to litigate."); *see also* Dkt. 86 (Order) at 6.

[62] Dkt. 86 (Order) at 6.

interrogatory responses will still be protected by the confidential designation under the standard protective order.[63] As the Order makes clear, the confidential designation "will prevent [the responses'] disclosure to the public and limit . . . Defendants' use of the information to this litigation."[64]

Lastly, and most significantly, where the *StorageCraft* court concluded the magistrate judge's ruling was clearly erroneous, this court has concluded Judge Oberg's Order is not clearly erroneous. Accordingly, this court overrules Mitchell's Objection.

## CONCLUSION

For the foregoing reasons, Mitchell's Objection[65] is OVERRULED and the Order[66] is AFIRMED.

SO ORDERED this 22nd day of September 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[63] *Id.*

[64] *Id.*

[65] Dkt. 89 (Objection).

[66] Dkt. 86 (Order).