UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MITCHELL INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHLIFT PHARMACY SERVICES, LLC; BRIAN ANDERSON; NATALIE NEIL; and JOSEPH NOLL,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL (DOC. NO. 130) AND (2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL (DOC. NO. 134)**<br><br>Case No. 2:19-cv-000637-RJS-DAO<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are two motions for leave to file documents under seal: (1) Defendants' Motion for Leave to File Under Seal Their Reply in Support of [Their] Motion for Order to Show Cause and Accompanying Exhibits H-Q ("Defs.' Mot.," Doc. No. 130), and (2) Plaintiff's Motion for Leave to File Under Seal Defendants' Reply in Support of Motion for Order to Show Cause and Certain Exhibits Thereto ("Pl.'s Mot.," Doc. No. 134).

## BACKGROUND

Plaintiff Mitchell International, Inc. ("Mitchell") brought this action against Defendants HealthLift Pharmacy Services, LLC, Brian Anderson, Natalie Neil, and Joseph Noll (together, the "HealthLift Defendants") for alleged misappropriation of trade secrets and related claims. (Compl. ¶¶ 153–159, Doc. No 2.)  The HealthLift Defendants recently filed a Motion for Order to Show Cause, arguing Mitchell has not adequately identified the trade secrets at issue as ordered by the court.  (Defs.' Mot. for Order to Show Cause 1, Doc. No. 110.)  The motions to seal now before the court concern the HealthLift Defendants' Reply in Support of Motion for

1

Order to Show Cause (Doc. No. 129) and exhibits H through Q thereto (Doc. Nos. 129-1–129-10).

The HealthLift Defendants move for leave to file the unredacted version of this reply and the entirety of exhibits H through Q under seal solely on the basis that these documents contain information designated by Mitchell as "Attorneys-Eyes Only" under the Standard Protective Order. (Defs.' Mot. 1, Doc. No. 130.) The HealthLift Defendants oppose this designation. (*Id.*) In its own motion, Mitchell moves to seal the HealthLift Defendants' unredacted reply and Exhibits K, L, P, and Q thereto, arguing these documents contain proprietary information and trade secrets which are properly designated as confidential. (Pl.'s Mot. 1–4, Doc. No. 134.) Mitchell does not contend Exhibits H, I, J, M, N, and O should remain sealed. The HealthLift Defendants oppose Mitchell's motion, arguing all of the documents at issue should be unsealed. (Defs.' Opp'n to Pl.'s Mot. for Leave to File Sealed Document ("Defs.' Opp'n") 1, Doc. No. 142.)

## **LEGAL STANDARD**

Court filings in this district are "presumptively open to the public," and "[t]he sealing of pleadings, motions, memoranda, exhibits, and other documents or portions thereof . . . is highly discouraged." DUCivR 5-3(a)(1). However, the court may permit documents to be sealed based on "a showing of good cause." *Id.* "To overcome [the] presumption against sealing, the party seeking to seal records 'must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011)).

## **DISCUSSION**

### 1. Unredacted Reply

Mitchell argues the unredacted version of the HealthLift Defendants' Reply in Support of Motion for Order to Show Cause (Doc. No. 131) should remain sealed because the redacted portions quote Mitchell's responses to interrogatories asking Mitchell to identify its trade secrets. (Pl.'s Mot. 1–2, Doc. No. 134.)

The court has previously ruled the underlying interrogatory responses are properly designated as confidential and should not be disclosed to the public. Mitchell originally designated these interrogatory responses as "Attorneys'-Eyes Only," but after the HealthLift Defendants challenged this designation, the undersigned magistrate judge ruled that the responses should be designated only as "confidential" rather than attorneys'-eyes only. (Mem. Dec. and Order Denying Pl.'s Short Form Mot. for Protective Order to Maintain "Attorneys' Eyes Only" Designation of Certain Interrog. Resps. 6, Doc. No. 86.) The order provided "the interrogatory responses at issue will be considered confidential information, which will prevent their disclosure to the public." (*Id.*) The district judge overruled Mitchell's objection to the order, affirming that the confidential designation would prevent disclosure of the responses to the public. (Order Overruling Mitchell International's Obj. 10, Doc. No. 121.) Thus, although the court rejected Mitchell's original attorneys'-eyes-only designation, the court found the interrogatory responses warrant a confidential designation and should not be publicly disclosed. The court has also previously granted leave to file the responses under seal three times. (*See* Docket Text Orders at Doc. Nos. 71, 92, & 116.)

The redacted portions of the reply quote directly from the interrogatory responses which the court found are properly designated as confidential. (*See* Sealed Reply in Support of Mot. for

Order to Show Cause 4–5, 7–8, Doc. No. 131.)  The HealthLift Defendants argue these portions quote only "short and generic descriptions of broad categories of information." (Defs.' Opp'n 1, Doc. No. 142.)  Regardless of this characterization, direct quotes from a document appropriately designated as confidential are properly filed under seal and should not be publicly disclosed. Given the court's prior orders regarding the confidentiality of the interrogatory responses, good cause exists to seal the unredacted portions of the reply which quote directly from these responses.

Accordingly, the unredacted version of the Reply in Support of Motion for Order to Show Cause (Doc. No. 131) shall remain sealed.

### 2. Exhibits K, L, P, and Q

Mitchell asserts Exhibits K, L, P, and Q contain its "internally produced and prepared confidential and proprietary information, including trade secret documents that Mitchell has produced in response to Defendants' document requests seeking the same information." (Pl.'s Mot. 2–3, Doc. No. 134.)  Mitchell argues the public has minimal interest in the disclosure of its trade secret information, and public disclosure of these exhibits would impair its business interests. (*Id.* at 3.)  The HealthLift Defendants, on the other hand, argue "Exhibits K, L, and P contain only mundane information about Mitchell's internal operations and Exhibit Q consists of information reproduced from publicly available industry standards." (Defs.' Opp'n 2, Doc. No. 142.)

Exhibits K and L are excerpts from a Mitchell training manual, which contain instructions for confirming fax transmittals and using online search engines, respectively. (Sealed Ex. K to Reply in Support of Mot. for Order to Show Cause ("Exhibit K"), Doc. No. 131-4; Sealed Ex. L to Reply in Support of Mot. for Order to Show Cause ("Exhibit L"), Doc.

No. 131-5). Although these are common processes, the exhibits contain information specific to Mitchell's internal procedures and software. As Mitchell notes, the exhibits contain "screen shots from Mitchell's portfolio management software that portray both its internal processes and procedures as well as its particular customized options designed specifically to serve Mitchell's customers." (Pl.'s Reply in Further Support of Mot. for Leave to File Under Seal ("Pl.'s Reply") 5, Doc. No. 145; Exhibit K 2–8, Doc. No. 131-4; Exhibit L 2–4, Doc. No. 131-5.) And courts routinely treat training manuals as confidential and prevent their public disclosure. *See, e.g.*, *Takata v. Hartford Comprehensive Employee Benefit Serv. Co.*, 283 F.R.D. 617, 621–22 (E.D. Wash. 2012) (treating an insurance company's training manual as confidential and proprietary information). Mitchell has a real and substantial interest in maintaining the confidentiality of its training materials and internal procedures, which outweighs any public interest in accessing these documents. Accordingly, good cause exists to keep Exhibits K and L under seal.

      Exhibit P is a form letter from Mitchell to third-party insurers requesting reconsideration of a claim denial. (Sealed Ex. P to Reply in Support of Mot. for Order to Show Cause, Doc. No. 131-9.) The HealthLift Defendants argue this is a "routine matter of common occurrence in the insurance industry." (Defs.' Opp'n 2–3, Doc. No. 142.) Mitchell responds that the form should not be viewed in isolation, but as a part of Mitchell's "internal and customized procedures" that constitute its trade secrets. (Pl.'s Reply 6–7, Doc. No. 145.) The court agrees the specific form Mitchell uses is appropriately considered as one small part of Mitchell's customized procedures for processing claims. And contrary to the HealthLift Defendants' argument, the fact that the form is shared with insurers does not mean it should also be disclosed to the general public and Mitchell's competitors. Good cause exists to keep Exhibit P under seal.

Exhibit Q is a table which appears to contain coding instructions for billing transactions. (Sealed Ex. Q to Reply in Support of Mot. for Order to Show Cause ("Exhibit Q"), Doc. No. 131-10.)  The HealthLift Defendants argue this document merely "reproduces information from an industry telecommunications standard governing the exchange of electronic information related to pharmacy transactions" published by the National Council for Prescription Drug Programs, Inc. ("NCPDP").  (Defs.' Opp'n 7, Doc. No. 142.)  Mitchell responds that Exhibit Q is an "internal compilation of materials" from the NCPDP guide which includes "Mitchell's own instructions and notes."  (Pl.'s Reply 7, Doc. No. 145.)  A comparison of Exhibit Q to the NCPDP guide, which the HealthLift Defendants filed in its entirety, confirms the documents are not the same, and also that Exhibit Q contains extensive notes regarding Mitchell's internal procedures.  (Exhibit Q, Doc. No. 131-10; Ex. 4 to Defs.' Opp'n, Doc. No. 142-4.)  For the same reasons as the prior exhibits, good cause exists to keep Exhibit Q under seal.

Finally, the court notes that whether these documents contain Mitchell's trade secrets is a matter of ongoing dispute in this case.  This order does not address this question, but merely reflects the court's finding of good cause to keep the documents at issue under seal.  Indeed, the fact that the court has not yet ruled on this disputed issue supports maintaining the documents under seal at this stage.

For these reasons, Exhibits K, L, P, and Q (Doc. Nos. 131-4, 131-5, 131-9, & 131-10) shall remain under seal.

### 3.  Exhibits H, I, J, M, N, and O

Mitchell does not argue Exhibits H, I, J, M, N, and O should remain under seal or offer any basis to keep these documents under seal.  Accordingly, Exhibits H, I, J, M, N, and O (Doc. Nos. 131-1, 131-2, 131-3, 131-6, 131-7, & 131-8) should be unsealed.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS IN PART AND DENIES IN PART the HealthLift Defendants' Motion to Seal (Doc. No. 130), GRANTS Mitchell's Motion to Seal (Doc. No. 134), and ORDERS as follows:

1. The following documents shall remain under seal: the unredacted version of Defendants' Reply in Support of Motion for Order to Show Cause (Doc. No. 131) and Exhibits K, L, P and Q thereto (Doc. Nos. 131-4, 131-5, 131-9, & 131-10). No action is required with respect to these documents.

2. The Clerk of Court is directed to unseal the following documents: Exhibits H, I, J, M, N, and O to Defendants' Reply in Support of Motion for Order to Show Cause (Doc. Nos. 131-1, 131-2, 131-3, 131-6, 131-7, & 131-8).

DATED this 4th day of December, 2020.

                                            BY THE COURT:

                                            _____
                                            Daphne A. Oberg
                                            United States Magistrate Judge