UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MITCHELL INTERNATIONAL, INC.<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>HEALTHLIFT PHARMACY SERVICES, LLC; BRIAN ANDERSON; NATALIE NEIL; and JOSEPH NOLL,<br><br>Defendants and Counterclaim Plaintiffs. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LIMITED STAY OF DISCOVERY RE: ANTITRUST CLAIMS (DOC. NO. 246)**<br><br>Case No.  2:19-cv-000637<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Mitchell International, Inc.'s ("Mitchell") Motion for Limited Stay of Discovery Re: Antitrust Claims, ("Mot.," Doc. No. 246).  Mitchell seeks to stay discovery on the counterclaims brought by Defendants HealthLift Pharmacy Services, LLC ("HealthLift"), Brian Anderson, Natalie Neil, and Joseph Noll (collectively, the "HealthLift Defendants") under the Sherman Act and Clayton Act (the "antitrust claims") until the court rules on Mitchell's pending motion to dismiss these claims, (Doc. No. 106).  The HealthLift Defendants oppose a stay of antitrust discovery.  (HealthLift Defendants' Response to Mitchell's Renewed Mot. to Stay Antitrust Disc. ("Opp'n"), Doc. No. 248.)  For the reasons explained below, the court grants the motion and stays discovery on the antitrust claims.

BACKGROUND

Mitchell and HealthLift are competing companies which provide pharmacy benefit management and revenue cycle management services to insurance companies and pharmacies. (*See* Compl. ¶¶ 17–20, Doc. No. 2; Am. Countercl. ¶ 58, Doc. No. 99.)  Mr. Anderson, Ms. Neil and Mr. Noll left their employment with Mitchell in 2017 and created HealthLift in 2018.  (*See*

1

Compl. ¶¶ 60, 75, 91, Doc. No. 2; Am. Countercl. ¶ 57, Doc. No. 99.)  Mitchell then filed this action against the HealthLift Defendants on September 9, 2019, asserting claims including breach of contract, tortious interference with economic relations, misappropriation of trade secrets, and civil conspiracy.  (Compl. ¶¶ 126–70, Doc. No. 2.)  The parties served initial disclosures in November of 2019 and proceeded with discovery.  (*See* Scheduling Order, Doc. No. 44.)  The HealthLift Defendants brought counterclaims against Mitchell in May 2020 for breach of contract, defamation, conversion, injurious falsehood, interference with economic relations, unfair competition, and abuse of process.  (*See* Defs.' Answer and Countercl., Doc. No. 73.)  They amended their counterclaims to include the antitrust claims at issue on July 10, 2020.  (*See* Defs.' Am. Countercl. ¶¶ 421–51, Doc. No. 99.)

On August 10, 2020, Mitchell moved to dismiss all the HealthLift Defendants' counterclaims.  (Mot. to Dismiss Defs.' Am. Countercl., Doc. No. 106.)  On March 23, 2021, the court held a hearing on the motion and took it under advisement.  (*See* Minute Entry, Doc. No. 209.)  Two weeks later, Mitchell filed its first motion to stay discovery on the antitrust claims.  (Doc. No. 215.)  On April 23, 2021, the court stayed the case at the parties' joint request to allow them to pursue settlement discussions.  (Order Granting Stipulated Mot. for Temp. Stay of Litigation, Doc. No. 223.)  The court terminated Mitchell's motion to stay antitrust discovery, with leave to refile it if the stay was lifted.  (*Id.* at 1.)  After several extensions, the stay expired on November 28, 2021, with the parties unable to reach a settlement.  (*See* Docket Text Order (Dec. 1, 2021), Doc. No. 240; Post-Stay Status Report, Doc. No. 241.)  On December 15, 2021, the parties submitted alternative proposals for an amended scheduling order, (Doc. Nos. 244 & 245), and Mitchell filed the renewed motion to stay antitrust discovery now before the court, (Doc. No. 246).

LEGAL STANDARD

District courts have "broad discretion to stay discovery to protect the parties from undue burden and expense and to promote judicial economy." *Martin v. SGT Inc.*, No. 2:19-cv-00289, 2019 U.S. Dist. LEXIS 237658, at *3 (D. Utah Aug. 21, 2019) (unpublished). But "[b]ecause 'the right to proceed in court should not be denied except under the most extreme circumstances,' the movant seeking a stay 'must make a strong showing of necessity[.]'" *Classic Aviation Holdings LLC v. Harrower*, No. 2:20-cv-00824, 2021 U.S. Dist. LEXIS 31365, at *3 (D. Utah. Feb. 8, 2021) (unpublished) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)). "'[I]f even a fair possibility exists that the stay would damage another party,' the movant 'must demonstrate a clear case of hardship or inequity.'" *Id.* (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)). The party seeking a stay "generally faces a difficult burden." *Id.* (internal quotation marks omitted).

In deciding whether to grant a motion to stay pending resolution of a dispositive motion, courts consider factors such as:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, at *4–5 (D. Colo. Mar. 30, 2006) (unpublished); *see also Martin*, 2019 U.S. Dist. LEXIS 237658, at *3 (applying these factors to a motion to stay discovery); *In re Broiler Chicken Grower Litig.*, No. 6:17-cv-00033, 2017 U.S. Dist. LEXIS 142069, at *10–11 (E.D. Okla. Sept. 1, 2017) (unpublished) (same).

3

DISCUSSION

Mitchell argues antitrust cases are particularly suited for temporary stays pending dispositive motions, due to the costly and burdensome nature of discovery in such cases. (Mot. 2–5, Doc. No. 246.) Mitchell asserts the antitrust discovery sought by the HealthLift Defendants is "incredibly broad," including requests such as transaction-level data for every sale for the last eleven years and interrogatories seeking Mitchell's business strategies, projects, and plans for "essentially all of Mitchell's business operations since 2010." (*Id.* at 5–6.) Mitchell argues this discovery "is unduly burdensome and would impose a clear case of hardship on Mitchell," particularly where it could be rendered unnecessary by the ruling on motion to dismiss. (*Id.* at 6.) In support of these arguments, Mitchell attached the HealthLift Defendants' Second Set of Discovery Requests and Notice of 30(b)(6) Deposition. (*See* Exs. A & B to Mot., Doc. Nos. 246-1 & 246-2.)

In opposition, the HealthLift Defendants argue a "one-sided" stay of antitrust discovery would be inappropriate at this stage, where discovery has been active for more than a year and Mitchell would be permitted to proceed with its own discovery. (Opp'n, Doc. No. 248 at 7.) They contend delaying discovery on some claims but not others would cause prejudice by unnecessarily extending the discovery process and multiplying their costs. (*Id.* at 10.) The HealthLift Defendants also argue a stay would be impractical because their antitrust claims and non-antitrust claims are based on same underlying conduct, rendering discovery on these claims difficult to tease apart. (*Id.* at 8–9.) Finally, they argue Mitchell has not demonstrated hardship or inequity. (*Id.* at 10–11.)

As the Supreme Court has recognized, antitrust discovery is "a sprawling, costly, and hugely time-consuming undertaking." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 n.6 (2007);

*see also id.* at 558 ("[I]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." (citation omitted)). Because of this, numerous courts have concluded discovery should be stayed in antitrust cases while motions to dismiss are pending, at least where the party seeking a stay demonstrates the discovery would be burdensome. *See, e.g.*, *In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *19 (staying discovery in an antitrust case based on a pending motion to dismiss); *Top Rank, Inc. v. Haymon*, No. CV 15-4961, 2015 U.S. Dist. LEXIS 164671, at *5 (C.D. Cal. Sept. 17, 2015) (unpublished) ("Staying discovery in antitrust cases pending the resolution of a motion to dismiss may be particularly appropriate."); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-cv-249, 2011 U.S. Dist. LEXIS 105056, at *6 (N.D. Ind. Sept. 15, 2011) (unpublished) ("Since *Twombly*, Seventh Circuit courts have taken this concern seriously, staying discovery in antitrust litigation and other complex cases."); *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417, 2007 U.S. Dist. LEXIS 57982, at *23 (N.D. Cal. July 24, 2007) (unpublished) ("[T]o allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*, at least when the discovery would be burdensome."); *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) ("[S]taying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive."); *In re Copper Tubing Litig.*, No. 04-2771, 2006 U.S. Dist. LEXIS 102875, at *16 (W.D. Tenn. Oct. 3, 2006) (unpublished) ("[A] stay of discovery is particularly appropriate in complex antitrust cases when motions to dismiss are pending.").

Considering these concerns and the relevant factors set forth above, Mitchell has met its burden in showing a stay of antitrust discovery is warranted here. Mitchell has demonstrated the

antitrust discovery sought by the HealthLift Defendants would be highly burdensome. The HealthLift Defendants' discovery requests attached to Mitchell's motion include interrogatories and eighty-eight requests for production of documents ("RFPs").[1] On their face, the discovery requests are expansive, seeking:

- transaction-level data for every sale of Mitchell's "Relevant Product" from 2010 to the present (RFP 76);
- all documents related to Mitchell's acquisitions of and mergers with twelve other entities from 2012 to 2019 (RFPs 60–61, 63–72);
- all documents relating to the market for any "Relevant Product" (RFP 80);
- all "strategy plans or projects related to mergers and acquisitions as a competitive strategy" (Interrogatory 23); and
- all "strategy plans or projects related to the market for Provider-Facing Services, the market for Insurer-Facing Services, or the relationship between the two markets" (Interrogatory 24).

(Ex. A to Mot., Defs.' Second Set of Disc. Reqs. 9–16, Doc. No. 246-1.) According to Mitchell, these requests cover "essentially all of Mitchell's business operations since 2010," (Mot. 6, Doc. No. 246)— a characterization which the HealthLift Defendants do not contest in their opposition. The topics listed in the Rule 30(b)(6) notice are similarly expansive, covering "sales of the Relevant Products" without limitation, and all competitors in the markets for the "Relevant Products" in the United States. (Ex. B to Mot., Def. HealthLift Pharmacy Services, LLC's

---

[1] As this is the HealthLift Defendants' second set of discovery requests, the interrogatories are numbered 19 through 24 and the RFPs are numbered 59 through 146. (Ex. A to Mot., Defs.' Second Set of Disc. Reqs., Doc. No. 246-1.)

6

Notice of 30(b)(6) Dep. 5–6, Doc. No. 246-2.) Mitchell has adequately demonstrated the discovery sought is burdensome based on the broad scope of the requests.[2]

Further, this discovery may be rendered entirely unnecessary if the antitrust claims are dismissed. These requests reach far beyond the scope of discovery necessary for the parties' other claims—which focus on the contractual relationships and competitive activity between the parties themselves. Although the HealthLift Defendants argue it would be difficult to disentangle antitrust discovery from other discovery, they do not explain how the expansive requests described above would be relevant to their other claims and defenses.[3] Thus, permitting the HealthLift Defendants to proceed with antitrust discovery would greatly expand the scope of discovery in this case, even though the viability of the antitrust claims has not yet been determined. In these circumstances, the concerns set forth in *Twombly* militate against allowing burdensome antitrust discovery to proceed before a ruling on the motion to dismiss.

The burden on Mitchell of proceeding with antitrust discovery outweighs the HealthLift Defendants' interest in proceeding expeditiously with such discovery and any potential prejudice to the HealthLift Defendants from a delay. Contrary to the HealthLift Defendants' argument, the

---

[2] The HealthLift Defendants contend a generalized argument that antitrust discovery is burdensome is insufficient to support a motion to stay, citing *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468, 2011 U.S. Dist. LEXIS 101787 (D. Colo. Sept. 8, 2011) (unpublished), and *Christou v. Beatport, LLC*, No. 10-cv-02912, 2011 U.S. Dist. LEXIS 19055 (D. Colo. Feb. 10, 2011) (unpublished). (Opp'n 9 n.13, Doc. No. 248.) Here, Mitchell explains why the particular antitrust discovery the HealthLift Defendants seek in this case is burdensome rather than merely relying on generalized arguments. *Cf. SOLIDFX, LLC*, 2011 U.S. Dist. LEXIS 101787, at *7 (noting the moving party "fails to point to any pending discovery and provide evidence as to the burden it imposes"); *Christou*, 2011 U.S. Dist. LEXIS 19055, at *6 (finding the moving party "did not provide any specific arguments regarding how or why discovery will be unusually expensive and protracted in this case").

[3] The issue of whether any specific request is relevant to particular claims or defenses is not before the court on this motion.

stay is not one-sided. All parties (not only Mitchell) are free to proceed with discovery on their other claims and defenses. Further, the motion to dismiss is fully briefed and the court has already held a hearing on it, so any delay is unlikely to be substantial. Any risk of duplication of efforts or additional costs if antitrust discovery proceeds after other discovery is far outweighed by the burden of proceeding with such discovery before the antitrust claims are deemed viable.

As the HealthLift Defendants note, this case is unusual in that the stay is sought after discovery has already commenced rather than at the outset of the case. However, this is because the HealthLift Defendants did not add antitrust claims to their counterclaim until July 2020, after discovery had been underway for more than seven months. Mitchell promptly moved to dismiss the antitrust claims a month later. While Mitchell did not move to stay discovery on the antitrust claims until April 9, 2021, there is no indication the HealthLift Defendants pursued discovery on these claims before until shortly before the April motion was filed. (*See* Ex. A to Mot., Defs.' Second Set of Disc. Reqs., Doc. No. 246-1 (certifying the requests were served on March 18, 2021); Ex. B to Mot., Defs.' Notices of 30(b)(6) Dep., Doc. No. 246-2 (certifying the notices were served on April 6, 2021).) From this record, it appears Mitchell sought a stay promptly—as soon as the HealthLift Defendants began pursuing antitrust discovery.[4] *Cf. Merrill v. Scottsdale Ins. Co.*, No. 2:20-cv-00064, 2021 U.S. Dist. LEXIS 133346, at *2 (D. Utah Mar. 1, 2021) (unpublished) (denying a motion to stay all discovery for a dispositive motion, where the dispositive motion was filed months before and the parties had "actively engaged in discovery during the intervening time period"). Thus, the timing of the motion to stay is a result of when the HealthLift Defendants began pursuing antitrust discovery, and not any delay by Mitchell.

---

[4] As noted above, subsequent delays were the result of the parties' joint request to stay the case for settlement negotiations. (*See* Order Granting Stipulated Mot. for Temp. Stay of Litigation, Doc. No. 223.)

Turning to the remaining factors, a stay of antitrust discovery is also in the interest of judicial economy. This litigation has already involved a number of discovery disputes requiring court intervention. Based on this history and the scope of the antitrust discovery sought, such discovery will likely give rise to further disputes requiring judicial resources to resolve, which could be rendered unnecessary if the antitrust claims are dismissed. *See In re Broiler Chicken Grower Litig.*, 2017 U.S. Dist. LEXIS 142069, at *18 (noting a stay on antitrust discovery "may conserve judicial resources by waiting until the court resolves threshold issues before becoming mired in possible discovery disputes"). Finally, a stay will have no substantial effect on the interests of nonparties or the public.

Considering all of these factors, Mitchell has demonstrated a stay of antitrust discovery is appropriate pending a ruling on the motion dismiss the HealthLift Defendants' antitrust claims.

## CONCLUSION

Mitchell's motion to stay antitrust discovery is GRANTED. Any discovery which solely relates to the HealthLift Defendants' antitrust claims is STAYED pending a ruling on Mitchell's motion to dismiss these claims.

DATED this 12th day of January, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge